# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:10CV-00060-EHJ

**MIRANDA FAYE JACKSON**                                    **PLAINTIFF**

**VS.**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**                         **DEFENDANT**

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Miranda Faye Jackson ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 10) and the defendant (DN 15) have filed a Fact and Law Summary. Additionally, plaintiff has filed a motion for summary judgment (DN 10) and defendant has filed a response (DN 15).

The District Judge has referred the case to the undersigned United States Magistrate Judge (DN 9) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered July 12, 2010 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

On May 8, 2006, plaintiff filed applications for Disability Insurance Benefits (Tr. 116-118) and Supplemental Security Income payments (Tr. 122-126). Plaintiff alleged that she became disabled on October 3, 2005 as a result of right ankle surgery, foot to knee brace, depression/bipolar (Tr. 116, 122, 146). Administrative Law Judge Phylis M. Pierce ("ALJ") conducted a hearing on July 17, 2008 in Madisonville, Kentucky. The plaintiff was present and represented by Dennis Fentress. Also present and testifying was John Grenfell as a vocational expert.

In a decision dated October 23, 2008, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 8-16). At the first step, the ALJ found plaintiff has not engaged in substantial gainful activity since October 3, 2005, the alleged onset date (Tr. 10). At the second step the ALJ determined that plaintiff's history of fractured right ankle is a "severe" impairment within the meaning of the regulations (Tr. 10-11). Notably, at the second step, the ALJ also determined that plaintiff's right shoulder problems, psoriatic arthritis, and mental impairment are "non-severe" impairments within the meaning of the regulations (Tr. 11-12). At the third step, the ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 12-13).

At the fourth step, the ALJ found plaintiff has the residual functional capacity to perform less than a full range of light work (Tr. 13-14). More specifically, the ALJ found that plaintiff can perform light work except that she cannot stand and/or walk longer than two hours in an eight hour day (Tr. 13-14). Relying on testimony from the vocational expert, the ALJ found that plaintiff is unable to perform any of her past relevant work as a waitress, bartender, and carpet layer helper (Tr.

2

14).

The ALJ proceeded to the fifth step where he considered plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 14-15). The ALJ found that plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 14-15). Therefore, the ALJ concluded that plaintiff has not been under a "disability", as defined in the Social Security Act, from October 3, 2005 through the date of the decision (Tr. 15).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision. The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 1-3).

CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20

C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

> 1) Is the claimant engaged in substantial gainful activity?
>
> 2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir.

1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff's memorandum cites medical evidence submitted to the Appeals Council in support of her request for review of the ALJ's decision (DN 10). Since the Appeals Council considered this new evidence but declined Plaintiff's request for review, it is not part of the administrative record that the Court can consider in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. Cline v. Commissioner of Social Security, 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993). This approach makes sense because the Court is reviewing the decision of the ALJ, not the Appeals Council. See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline, 96 F.3d at 148; Cotton, 2 F.3d at 695-696. The Court can, however, consider this new evidence for the limited purpose of determining whether to remand the case to the Commissioner for further administrative proceedings. Cline, 96 F.3d at 148; Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 174-175 (6th Cir. 1994). This type of remand, under sentence six of 42 U.S.C. § 405(g), is premised on new evidence coming to light that was not available to the claimant at the time of the administrative proceeding and that might have changed the outcome of the administrative proceeding. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). Notably, the party seeking a sentence six remand has the burden of demonstrating the new evidence is material and that good cause exists for not previously presenting it to the Commissioner. Faucher, 17 F.3d at 174-175. Here, plaintiff has made no effort to satisfy this burden (DN 10, Memorandum at Page 3). Therefore, the undersigned concludes that a remand pursuant to sentence six of 42

5

U.S.C. § 405(g) is not appropriate.

At the second step, plaintiff challenges the ALJ's failure to find her mental impairments (anxiety, depression, bipolar disorder) are "severe" impairments (DN 10). By way of background, at the second step a claimant must demonstrate he or she has at least one "severe" "medically determinable"[1] physical or mental impairment that meets the "duration"[2] requirement to continue with the remaining steps in the disability determination. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). A physical or mental impairment is "severe" if it significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863. Notably, if the impairment does not satisfy the "severe" requirement then it is considered "non-severe" or "not severe". 20 C.F.R. §§ 404.1521(a), 416.921(a); Higgs, 880 F.2d at 862; Faris v. Secretary of Health and Human Services, 773 F.2d 85, 89-90 (6th Cir. 1985).

The determination whether a mental impairment "significantly limits" a claimant's ability to do one or more basic work activities is made by assessing the degree of limitation it imposes in four broad functional areas. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The four broad functional areas are as follows:

---

[1]To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment (20 C.F.R. §§ 404.1508, 416.908; Social Security Ruling 96-3p; Social Security Ruling 96-4p.

[2]To satisfy the "duration" requirement the impairment or combination of impairments "must have lasted or must be expected to last for a continuous period of at least twelve (12) months." 20 C.F.R. §§ 404.1509, 416.909.

1. Activities of daily living;

2. Social functioning;

3. Concentration, persistence, or pace; and

4. Episodes of decompensation.

20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).

The degree of limitation in the first three functional areas is rated according to the following five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). The degree of limitation in the fourth functional area is rated according to the following four-point scale: none, one or two, three, four or more. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). Notably, if the degree of limitation in the first three functional areas is found to be "none" or "mild" and the degree of limitation in the fourth area is found to be "none," the mental impairment is considered non-severe, unless the evidence otherwise indicates there is more than a minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d), 416.920a(d).

On August 22, 2006 and February 2, 2007 State agency psychological consultants (Nancy Dinwoodie, M.D., and Timothy Foster, Ph.D.) reviewed the evidence in the record and issued their opinions regarding plaintiff's mental disorders on Psychiatric Review Technique Forms (Tr. 285-298, 407-420). They both concluded plaintiff's affective disorder (bipolar) is non-severe because the degree of limitation it imposes on activities of daily living is mild; on social functioning is mild; on concentration, persistence or pace is mild; and on episodes decompensation is none (Tr. 285, 288, 295, 407, 410, 417). The ALJ agreed with and relied on these opinions in reaching her finding plaintiff does not have a "severe" mental disorder (Tr. 11-12). The ALJ also relied on the

7

fact that plaintiff did not begin receiving treatment for her mental disorder until April 21, 2008 (Tr. 11). Further, the ALJ observed that the evaluations performed by Claudia Zsigmond, Psy.D. (August 10, 2006 and January 18, 2007) and Ruth Jungblom, Psy.D.[3] (July 14, 2008) failed to show the existence of a severe mental disorder lasting or expected to last for any period of twelve continuous months with appropriate treatment (Tr. 11-12).

Plaintiff argues substantial evidence in the record does not support the ALJ's finding that her mental disorder is non-severe (DN 10). In support of her position, plaintiff cites the Global Assessment of Functioning ("GAF") rating of 54 set forth in Dr. Zsigmond's reports of August 10, 2006 and January 18, 2007 (DN 10; Tr. 279-282, 401-404); the Mental Residual Functional Capacity Assessment prepared by Dr. Jungblom on July 14, 2008 (Tr. 448-450); treatment records for August 8 and 10, 2007 from the Trover Clinic (Tr. 426-429); the April 21, 2008, psycho-social evaluation prepared by Dr. Jungblom (Tr. 436-439); and the April 29, 2008 medical and psychiatric evaluation prepared by Dr. David Waggoner which includes a GAF rating of 55 (Tr. 440-443).

Defendant argues that substantial evidence in the record supports the ALJ's finding that plaintiff's mental impairment is not "severe" within the meaning of the regulations (DN 15). Further, defendant argues that the ALJ articulated legitimate reasons for discounting the evidence plaintiff cites in support of her argument (DN 15).

It is not uncommon for a claimant to argue the Administrative Law Judge erred in failing to find one of his or her other physical or mental conditions also constitutes a "severe" impairment. In Maziarz v. Secretary of Health and Human Services, the Sixth Circuit found it unnecessary to decide this question because the Administrative Law Judge determined that at least one of the

---

[3]The ALJ mistakenly refers to Ruth Jungblom, Psy.D., as Dr. Ruth Jumble (Tr. 12, 439).

8

claimant's conditions was "severe" and continued with the remaining steps in the disability determination. 837 F.2d 240, 244 (6th Cir. 1987). The Sixth Circuit reasoned since the Administrative Law Judge "properly could consider" the claimant's non-severe condition in assessing whether the claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the failure to find that "condition constituted a 'severe' impairment could not constitute reversible error." Id. Thus, if the holding in Maziarz is applied, the failure to find plaintiff's mental impairments constituted a "severe" impairment could not constitute reversible error. Id.

Plaintiff points out that her treatment in 2008 and the opinions expressed by Drs. Jungblom and Waggoner post-date the opinions expressed by the State agency psychological advisers. However, the administrative decision recognizes receipt of this medical evidence, sets forth good reasons for discounting it, and provides good reasons for according greater weight to the opinions expressed by the State agency psychological consultants (Tr. 11-14).

Plaintiff has also failed to demonstrate how she has been harmed by the failure to find her mental impairment is "severe" within the meaning of the regulations. She has not argued but for this error she would have been found "disabled" at the third, fourth or fifth steps in the sequential evaluation process. For this reason, the undersigned concludes the holding in Maziarz should be applied herein. In sum, the failure to find plaintiff's mental impairments constitute a "severe" impairment, within the meaning of the regulations, does not constitute reversible error. Id.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes a remand pursuant to sentence six of

42 U.S.C. §405(g) is not appropriate and the Commissioner's findings are supported by substantial evidence. The undersigned recommends the Court decline to remand the case pursuant to sentence six of 42 U.S.C. § 405(g) and that judgment be granted for the Commissioner.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

Copies:       Counsel